FLORENTINO RODRÍGUEZ, Petitioner and Appellee, *v.* ANDRÉS LUGO, WARDEN OF THE JAIL OF SAN JUAN, Respondent and Appellant.

No. 3143. Argued March 23, 1927.—Decided April 7, 1927.

*José E. Figueras* for the appellant. *R. Rivera Zayas* and *R. Martínez Nadal* for the appellee.

Mr. Justice Franco Soto delivered the opinion of the court.

This is a petition for a writ of habeas corpus to enlarge the petitioner on bail.

The petitioner was jailed on the charge of murder made by the district attorney of San Juan, and he alleges that he is illegally imprisoned in violation of his constitutional right to be discharged on bail, as there is no conclusive evidence against him nor a strong presumption of his guilt.

The writ was issued and after the evidence was heard the lower court granted the petition and ordered the prisoner to be discharged on bail of five thousand dollars.

The prosecution appealed from the order of the lower court.

Among the testimony given, that of witness José Soto Méndez is as follows:

"That between eight and nine p. m. on January 20, 1927, he saw at the corner of Cortijo and Encanto Streets of Santurce, in the municipality of San Juan, Florentino Rodríguez who was leaning against the corner with his hands behind; that he the witness was in a restaurant called Linterna Roja having a cup of coffee and that when he got up to pay for the coffee he saw the defendant Florentino Rodríguez in the position already mentioned; that after he had paid he saw Ramón Arméstica, who had a small grocery shop near by, going towards his shop and peacefully passed in front of the defendant Florentino Rodríguez; then he saw Florentino Rodríguez push him without any words having passed between them, and at the same time he raised a stick or piece of iron or pipe and gave him two blows on the head, knocking him down with his face up; that while he was down he struck him again on the chest; that Ramón Arméstica after having received the three pipe blows and while almost dead on the ground was going to be struck again by Florentino Rodríguez when Arturo, the witness and other persons ran up and Arturo took the pipe away from him; that no words passed between the defendant and the victim Ramón Arméstica; that that is the pipe . . ."

The testimony of witnesses José Baurin and Gumersindo

Ramos was heard also. Baurin was not an eye-witness, but Ramos substantially confirms that of José Soto Méndez.

It seems almost unnecessary to say that the testimony of José Soto Méndez is sufficient to classify the offense with which the defendant is charged as murder in the first degree. Nothing is implied to show that there was provocation on the part of the victim Arméstica, but rather the wilful, deliberate and premeditated intention of the defendant to kill his victim. In the case of *People* v. *Ortiz*, 18 P.R.R. 803, this court said:

"In order that said crime may exist it is sufficient according to our statutes that, among other things, an unlawful death shall have been caused voluntarily, deliberately, and premeditatedly, all of which elements appear from the evidence examined by us. Deliberation and premeditation depend upon the circumstances of the case, and the act of aiming and discharging a firearm at a person and thereby causing his death is sufficient to constitute premeditation and deliberation notwithstanding the rapidity with which the act may have been consummated."

The petitioner alleges, however, that in the present case it is not a question of a revolver, a deadly weapon *per se,* but of an instrument with which the defendant meant only to give a hard blow without intent to cause the death of the decedent. But the intention, although a mental condition, is shown by the circumstances connected with the crime, and in the present case, besides the testimony of the witnesses, the *post mortem* examination showed that one of the blows given by the defendant to Arméstica was so dreadful that it caused the fracture of the skull extending from the parietal bone and following downwards a transverse line went through the anterior fossa to its base. Ramón Armestica died from hemorrhage of the meningeal artery caused by the fracture. The intention of the defendant to kill with premeditation and deliberation is shown by the circumstances under which he committed the act, and even if he did not mean to bring about the consequences which resulted therefrom, that has

no influence in the classification of the crime. *Ex parte Caballero, ante,* page 60.

For the reasons set forth the order appealed from must be reversed and the imprisonment of the defendant without bail ordered, and it must not be understood, however, that the weighing of the evidence made by this court shall prejudge the case on its merits.

Mr. Justice Wolf took no part in the decision of this case.